UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANCES L. MATTISON,

    Plaintiff,

V.                                  CASE NO. 3:07-CV-1119(RNC)

BLACK POINT BEACH CLUB ASSOC.,
et al.,

    Defendants.

## RULING AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Black Point Beach Club Association and four of its current or former officers seeking damages for the Association's refusal to grant her an easement over a road located within the Association's borders in favor of an abutting one-acre building lot she owned at the time. Plaintiff claims that the refusal to give her the easement constituted a taking of property without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution (count one) and Article 1, Section 11 of the Connecticut Constitution (count three). In addition, she claims that the refusal deprived her of the right to equal treatment guaranteed by the Fourteenth Amendment's equal protection clause (count two). Defendants have moved to dismiss the complaint in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion to dismiss is granted in part and denied in part.

Under the notice pleading system established by the Federal Rules of Civil Procedure, a complaint is ordinarily sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In deciding a motion to dismiss under Rule 12(b)(6), a court must construe the complaint liberally in favor of the plaintiff, accepting as true all the factual allegations in the complaint, and giving the plaintiff the benefit of all reasonable inferences. When a claim is adequately pleaded, the motion to dismiss must be denied even if recovery on the claim seems unlikely.

In response to the motion to dismiss, plaintiff has abandoned the takings claims set forth in the complaint.[1] Accordingly, these claims are deemed abandoned and dismissed without further discussion.

Turning to the equal protection claim, defendants contend that dismissal is proper because plaintiff cannot prove that they denied her request for an easement while acting under color of state law, as she must in order to establish a claim under § 1983. Defendants might be right. As just discussed, however, the issue is not whether the plaintiff can prove that the defendants acted under color of state law. The issue is whether the complaint adequately pleads the state action element of the equal protection

---

[1] During a telephone conference on May 29, 2008, plaintiff's counsel confirmed that the takings claims have been abandoned.

claim. In this regard, the complaint alleges, directly or by reasonable implication, that plaintiff's request for an easement over the road abutting her building lot was denied by the defendants in connection with the exercise of a regulatory power delegated to the Association by the State legislature. This is at least minimally adequate to satisfy the notice pleading standard of Federal Rule of Civil Procedure 8(a)(2).[2]

Defendants also argue that plaintiff's equal protection claim should be dismissed because the claim is "dependent on her federal takings claim." Defs.' Mem. Supp. Mot. Dismiss 20. This argument is also unavailing. Plaintiff need not prove that the denial of her request constituted an unlawful taking in order to prove that it constituted unlawful discrimination, and it is not uncommon for an equal protection claim to survive when a takings claim based on

---

[2] In the interest of avoiding a potential misunderstanding, counsel should note that the present ruling does not take into account certain factual matters that do not appear in the complaint or the briefs but were discussed in the course of the telephone conference on the motion to dismiss. During the conference, counsel disclosed that the three requests for easements at issue in this case (i.e. plaintiff's request and those of her two comparators) were not submitted to the Association as part of an established regulatory process. It also appears from statements made by counsel during the conference that the defendants, in acting on the three requests, did not purport to exercise regulatory powers. These matters, although not appropriate for consideration in ruling on the motion to dismiss (because they do not appear in the complaint), might well have a bearing on plaintiff's ability to prove that the denial of her request constituted state action. Accordingly, the present ruling should not be viewed as implying any view to the contrary.

the same facts has been dismissed.  See, e.g., Gavlak v. Town of Somers, 267 F. Supp. 2d 214, 221, 224-26 (D. Conn. 2003).

For the foregoing reasons, the motion to dismiss is granted in part and denied in part.  Counts one and three are dismissed with prejudice.

So ordered this 2nd day of June 2008.


                                  /s/ RNC
                        Robert N. Chatigny
                 United States District Judge